**COZEN O'CONNOR**
BY:     Melanie A. Miller (MM 2992)
One Liberty Place
1650 Market St., Suite 2800
Philadelphia, PA 19103
(215) 665-2714 – Telephone
(215) 665-2412 – Facsimile
mmiller@cozen.com – E-mail
Attorneys for Plaintiff
Celgene Corporation

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CELGENE CORPORATION,** | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action No.:** _____ |
| **v.** | : |
| | : |
| **CANADADRUGS.COM LTD.,** | : **JURY TRIAL DEMAND** |
| **KRISTJAN THORKELSON, and DOES 1-10** | : |
| | : |
| | : |
| **Defendants.** | : |

**COMPLAINT**

Plaintiff, Celgene Corporation ("Celgene"), by and through its undersigned attorneys for its complaint against Canadadrugs.com Ltd., Kristjan Thorkelson, and DOES 1-10 (collectively the "Canada Drugs Defendants"), allege as follows:

**Parties**

1.     Plaintiff Celgene is a Delaware corporation with a place of business at 86 Morris Avenue, Summit, New Jersey 07901.

2.      Defendant Canadadrugs.com Ltd. is a Canadian limited partnership with a principal place of business at 24 Terracon Place, Winnipeg, MB R2J 4G7, Canada, and with an email address of info@canadadrugs.com.

3.      Kristjan Thorkelson is the CEO of Canadadrugs.com Ltd., with a principal address of at 24 Terracon Place, Winnipeg, MB R2J 4G7, Canada.

4.      The Canada Drugs Defendants own and control the domain name www.canadadrugs.com, which the Canada Drugs Defendants utilize to sell branded and generic drugs to consumers throughout the United States.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise of DOES 1-10 are unknown to Celgene at this time and Celgene therefore sues the DOES 1-10 under such fictitious names.  When the true names, capacities, and activities of the DOES 1-10 are ascertained, Celgene will amend this Complaint accordingly.  Celgene is informed and believes and thereon alleges that all of the Canada Drugs Defendants are responsible in some manner for the events and happenings referred to herein, and that Celgene's damages as alleged herein were proximately caused by the Canada Drugs Defendants.

## Jurisdiction and Venue

6.      This action arises under the Acts of Congress under the Trademark and Lanham Acts, Title 15 U.S.C. § 1051, *et seq.*, and common law.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.  A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.  As such, the Canada Drugs Defendants should reasonably expect that their activities might have consequences herein.

7.     This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

8.     This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

9.     The Canada Drugs Defendants are subject to this Court's personal jurisdiction because (1) they do substantial business in this district; and (2) they regularly solicit business from, do business with, and derive revenue from goods and/or services provided to customers in this district.

10.    Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391 (b) (2) and (c).

## Celgene's Business and Its Intellectual Property

11.    Celgene is a global biopharmaceutical company which is the owner of all proprietary rights in and to the OTEZLA® pharmaceutical product.

12.    The OTEZLA® pharmaceutical product is a prescription medicine that is in pill-form and is taken orally, which treats moderate to severe plaque psoriasis and psoriatic arthritis. The active ingredient in the OTEZLA® drug is apremilast.

13.    The OTEZLA® apremilast pharmaceutical product was approved by the U.S. Food and Drug Administration ("FDA") in 2014, and is currently available in the marketplace in the United States. The FDA has approved the OTEZLA® apremilast pharmaceutical product for the treatment of moderate to severe plaque psoriasis in patients for whom phototherapy or systemic therapy is appropriate, and for the treatment of adult patients with active psoriatic arthritis.

14.    The FDA has not approved any generic apremilast pharmaceutical product.

15.     The only FDA-approved apremilast pharmaceutical product in the United States is Celgene's OTEZLA® apremilast pharmaceutical product.

16.     Patients are required to obtain a prescription to obtain the OTEZLA® apremilast pharmaceutical product and their use of this drug should be monitored by physicians given the potential side effects of this drug.

17.     For example, the OTEZLA® apremilast pharmaceutical product can be associated with an increase in adverse reactions of depression, and therefore, prescribers should carefully weigh the risks and benefits of prescribing this drug to patients with a history of depression and/or suicidal thoughts, and should monitor patients for mood changes and signs of worsening depression.  Additionally, patients treated with the OTEZLA® apremilast pharmaceutical product should have their weight monitored regularly given that use of OTEZLA® is associated with weight loss, and discontinuation of OTEZLA® should be considered if unexplained or clinically significant weight loss occurs.  The OTEZLA® apremilast pharmaceutical product has not been studied in women who are pregnant, and therefore this drug should only be prescribed to pregnant women if the potential benefit to the patient justifies the potential risk to the fetus. Lastly, patients with renal impairment should be prescribed a lower dose of the OTEZLA® apremilast pharmaceutical product given that increased systemic exposure of OTEZLA® has been observed in these patients.

18.     Because of the serious potential side effects of the OTEZLA® apremilast pharmaceutical product, the OTEZLA® apremilast pharmaceutical product is subject to limited distribution and is only available through Celgene-approved specialty pharmacies.

19.     Celgene is the owner of all trademark rights in and to the OTEZLA® mark throughout the world, including U.S. Reg. No. 4,331,247 for OTEZLA covering "pharmaceutical

preparations, namely, cytokine inhibitory drugs; pharmaceutical preparations that modulate the immune system; pharmaceutical preparations for the treatment of certain blood diseases and cancers" in International Class 5.

20.    Celgene has expended significant time, energy and resources in protecting and promoting its OTEZLA® apremilast pharmaceutical product in the US.

21.    The OTEZLA® apremilast pharmaceutical product has been effective for treating moderate to severe psoriasis and psoriatic arthritis, and has resulted in significant commercial success.

22.    Through Celgene's use of the OTEZLA® mark in connection with its apremilast pharmaceutical product, OTEZLA® has become associated with Celgene and with the apremilast pharmaceutical product in the minds of the public.

23.    Celgene's OTEZLA® mark is strong, inherently distinctive, and represents the exceedingly valuable goodwill of Celgene.

### Background as to the Canada Drugs Defendants' Unlawful Conduct

24.    The Canada Drugs Defendants solicit business throughout the United States, and sell drugs, including apremilast, to consumers in the District of New Jersey and to consumers throughout the United States.

25.    The Canada Drugs Defendants own and operate the website located at www.canadadrugs.com (the "Infringing Website").

26.    Since at least as early as March 2017, the Canada Drugs Defendants have been using the OTEZLA® mark without authorization from Celgene, and have been advertising, selling, and/or distributing unauthorized apremilast to consumers in the United States, including consumers in the District of New Jersey.

27.     Celgene, through its counsel, sent an initial letter to the Canada Drugs Defendants on June 2, 2017, and sent multiple follow-up correspondences thereafter, via the info@candadrugs.com e-mail address, requesting that the Canada Drugs Defendants cease and desist from all use of the OTEZLA® mark in connection with the sale of apremilast, and cease all unauthorized advertising, sale and distribution of unauthorized apremilast to consumers in the United States.

28.     The Canada Drugs Defendants did not respond to any of Celgene's correspondence.

29.     Despite being informed of Celgene's trademark rights, the Canada Drugs Defendants continue to willfully utilize the OTEZLA® mark without Celgene's authorization on the Infringing Website in connection with the advertisement and sale of apremilast.

30.     Defendant Canadadrugs.com Ltd. is not a Celgene-approved specialty pharmacy under the limited distribution program for OTEZLA® apremilast in the United States or elsewhere.

31.     The Canada Drugs Defendants are selling, distributing, and dispensing unauthorized apremilast outside of limited distribution channels.

32.     The Canada Drugs Defendants' distribution of unauthorized apremilast, outside of the limited distribution channels, creates serious health and safety risks for consumers, and could result in serious health consequences for consumers.

33.     Celgene is not associated with the Canada Drugs Defendants and does not have any relationship with the Canada Drugs Defendants.

34.     The Canada Drugs Defendants have not received authorization, nor obtained a license, from Celgene to use Celgene's OTEZLA® mark, or to sell and distribute unauthorized

apremilast in the United States.  Similarly, Celgene has not acquiesced to the Canada Drugs

Defendants' use of the OTEZLA® mark or to the Canada Drugs Defendants' sale and

distribution of unauthorized apremilast to customers in the United States.

35.     The Canada Drugs Defendants' unauthorized use of the OTEZLA® mark and/or

sale and distribution of apremilast into the United States deceives the consumer into believing

that they are purchasing genuine Celgene product.

36.     The Canada Drugs Defendants' unauthorized use of the OTEZLA® mark as well

as the Canada Drugs Defendants' sale and distribution of apremilast into the United States,

falsely suggests that the Canada Drugs Defendants and the apremilast product advertised, sold,

and distributed on the Infringing Website are associated with or sponsored by Celgene.

37.     The Canada Drugs Defendants' use of the OTEZLA® mark in connection with

the sale and distribution of apremilast into the United States will result in consumer confusion

regarding the source and/or sponsorship of the apremilast product advertised on the Infringing

Website.

38.     The Canada Drugs Defendants' use of the OTEZLA® mark in connection with

the sale and distribution of apremilast into the United States undermines Celgene's brand identity

and the positive public perception of Celgene's OTEZLA® apremilast pharmaceutical product.

Celgene's goodwill is extremely valuable to Celgene and the Canada Drugs Defendants' actions

are harming Celgene.

39.     The Canada Drugs Defendants' activities are likely to cause confusion or mistake

among prospective consumers, and are likely to mislead and/or deceive prospective consumers

with respect to the origin and quality of the apremilast sold on the Infringing Website.

40.     The Canada Drugs Defendants' unauthorized use of Celgene's OTEZLA® mark in connection with the advertisement, sale, and distribution of unauthorized apremilast constitutes unfair competition.

41.     The Canada Drugs Defendants' distribution of unauthorized apremilast outside of the limited distribution channels creates serious health and safety concerns and exacerbates the likelihood that consumers will experience adverse health consequences when taking apremilast.

42.     In light of the Canada Drugs Defendants' use of OTEZLA® in connection with the sale and distribution of apremilast into the United States, where Celgene is currently the exclusive FDA-approved manufacturer of apremilast, consumers will associate negative health consequences resulting from the Canada Drugs Defendants' distribution of unauthorized apremilast with Celgene and Celgene's OTEZLA® apremilast pharmaceutical products, which will irreparably damage the goodwill inherent in Celgene's OTEZLA® mark and in Celgene's business reputation.

## COUNT I – TRADEMARK INFRINGEMENT

43.     Celgene repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

44.     The federal registrations of Celgene's OTEZLA® mark evidences Celgene's exclusive right to use its OTEZLA® mark in connection with pharmaceutical preparations, namely, cytokine inhibitory drugs; pharmaceutical preparations that modulate the immune system; pharmaceutical preparations for the treatment of chronic inflammatory diseases, ankylosing spondylitis, psoriasis, psoriatic arthritis and cancer. 15 U.S.C. § 1115.

45.     The Federal Registrations for Celgene's OTEZLA® mark conclusively evidences the validity of the registered marks, Celgene's ownership of marks, and Celgene's exclusive right to use the OTEZLA® mark in commerce.  15 U.S.C. §§ 1065, 1115.

46.     The Canada Drugs Defendants utilize, without authorization, the OTEZLA® mark in connection with the unauthorized sale of apremilast.

47.     The Canada Drugs Defendants' use of OTEZLA is identical in sound, meaning and appearance to Celgene's OTEZLA® mark.  The marks create the same commercial impression and are confusingly similar.

48.     The Canada Drugs Defendants are marketing apremilast and offering apremilast for sale to consumers in the United States using the name OTEZLA®.

49.     The Canada Drugs Defendants' adoption and use of the OTEZLA® mark in connection with the sale of apremilast is likely to cause confusion, or mistake, or to deceive as to the source, affiliation, or sponsorship with Celgene's OTEZLA® mark in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-18.

50.     This unauthorized use of the OTEZLA® mark by Canada Drugs Defendants constitutes infringement of Celgene's registered OTEZLA® mark in violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of Celgene's marks, business reputation, and goodwill.

51.     The activities of the Canada Drugs Defendants complained of herein constitute willful and intentional infringement of Celgene's federally registered OTEZLA® mark, in derogation of Celgene's rights in violation of 15 U.S.C. §§ 1114-18.  Acts of infringement commenced and have continued in spite of the Canada Drugs Defendants' knowledge that the use of Celgene's OTEZLA® mark was and is in contravention of Celgene's rights.

52.     Celgene has not given the Canada Drugs Defendants consent directly or indirectly to use the OTEZLA® mark, or any mark similar thereto.

53.     The Canada Drugs Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Celgene in its marks and in its business, reputation, and goodwill.

54.     Celgene's damages from the aforesaid unlawful actions of the Canada Drugs Defendants, to the extent ascertainable, have not yet been determined.

55.     Celgene seeks attorney's fees and costs given the willful conduct of the Canada Drugs Defendants.

56.     Celgene seeks treble damages given the willful conduct of the Canada Drugs Defendants.

<u>**COUNT II – FEDERAL UNFAIR COMPETITION**</u>

57.     Celgene repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

58.     Celgene's OTEZLA® mark is distinctive and the relevant public associates the OTEZLA® mark with Celgene and Celgene's apremilast product.

59.     The Canada Drugs Defendants utilize the OTEZLA® mark, without authorization from Celgene, in connection with the sale of unauthorized apremilast.

60.     The apremilast pharmaceutical product offered for sale by the Canada Drugs Defendants is not manufactured by Celgene, and Celgene is not affiliated with the Canada Drugs Defendants and does not have any relationship with the Canada Drugs Defendants.

61.     Given the potentially serious health and safety risks involved in taking the OTEZLA® apremilast pharmaceutical product, this pharmaceutical product is subject to limited

distribution, and should only be taken by patients that have been prescribed OTEZLA® by a physician and who are being monitored by a physician.

62.     Given the potentially serious health and safety risks involved in taking the OTEZLA® apremilast pharmaceutical product, any unauthorized distribution of apremilast could result in serious adverse health consequences for consumers.

63.     The Canada Drugs Defendants' activities are likely to cause consumer confusion, mistake, or deception so that consumers are likely to believe, erroneously, that Celgene is affiliated or associated with the Canada Drugs Defendants and the Canada Drugs Defendants' unauthorized apremilast product.

64.     The Canada Drugs Defendants have unfairly competed with Celgene in interstate commerce and in this district by various acts, including marketing, offering for sale, and selling apremilast using the OTEZLA® designation and by selling apremilast outside the limited distribution programs and in violation of required health and safety guidelines. The aforementioned actions by the Canada Drugs Defendants constitute unfair competition, which causes substantial and irreparable injury to the public and to Celgene's OTEZLA® mark, business reputation, and goodwill. 15 U.S.C. § 1125.

65.     The activities of the Canada Drugs Defendants complained of herein constitute willful and intentional tort, in derogation of Celgene's rights.  Acts of unfair competition commenced and have continued despite the Canada Drugs Defendants' knowledge that the Canada Drugs Defendants' use of the OTEZLA® mark and sale of unauthorized apremilast product to consumers in the United States was and is in contravention of Celgene's rights.

66.     The Canada Drugs Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Celgene's rights in its OTEZLA® mark and in its business, reputation, and goodwill.

67.     Celgene's damages from the aforesaid unlawful actions of the Canada Drugs Defendants, to the extent ascertainable, have not yet been determined.

68.     Celgene seeks attorney's fees and costs given the willful conduct of the Canada Drugs Defendants.

69.     Celgene seeks treble damages given the willful conduct of the Canada Drugs Defendants.

## COUNT III – FALSE DESIGNATION OF ORIGIN

70.     Celgene repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

71.     This cause of action is for false designation of origin pursuant to 15 U.S.C. § 1125 *et seq*.

72.     Celgene's OTEZLA® mark is distinctive and the relevant public associates the OTEZLA® mark with Celgene and with Celgene's apremilast product.

73.     The Canada Drugs Defendants utilize the OTEZLA® mark without authorization from Celgene in connection with the advertisement, sale, and distribution of unauthorized apremilast.

74.     The apremilast drug offered for sale by the Canada Drugs Defendants is not manufactured by Celgene, and Celgene is not affiliated with and does not have any relationship with the Canada Drugs Defendants.

75.     The Canada Drugs Defendants' distribution of unauthorized apremilast, outside of the limited distribution channels, creates serious health and safety risks for consumers, and could result in serious health consequences for consumers.

76.     Celgene has not directly or indirectly consented to the Canada Drugs Defendants' use of Celgene's OTEZLA® mark (or any mark similar thereto) or to the Canada Drugs Defendants' sale or distribution of unauthorized apremilast into the United States.

77.     The Canada Drugs Defendants' use of the OTEZLA® mark and sale and distribution of unauthorized apremilast to consumers in the United States is likely to cause consumer confusion, mistake, or deception so that consumers are likely to believe, erroneously, that Celgene is affiliated or associated with the Canada Drugs Defendants and Canada Drugs Defendants' apremilast product.  Accordingly, such conduct constitutes false designation of origin under Section 43(a) of the Lanham Act.

78.     The Canada Drugs Defendants have caused confusion in interstate commerce and in this district by various acts, including advertising, offering for sale, selling, and distributing apremilast using the OTEZLA® designation and by selling and distributing apremilast outside of the limited distribution programs and in violation of required health and safety guidelines.

79.     The Canada Drugs Defendants had knowledge of the falsity of the designation of origin given that it was aware of, among other things, Celgene's reputation and good will generated through its OTEZLA® mark and its OTEZLA® apremilast pharmaceutical product.

80.     The Canada Drugs Defendants' aforementioned actions are likely to confuse, mislead, and deceive members of the public as to the origin or sponsorship of Canada Drugs Defendants' unauthorized apremilast product in violation of 15 U.S.C. § 1125(a).

13

81.     The Canada Drugs Defendants' aforementioned actions constitute unfair competition and unfair trade practices, and are likely to cause confusion, mistake, or deception in violation of 15 U.S.C. § 1125(a).

82.     The Canada Drugs Defendants' aforementioned conduct has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Celgene, and to Celgene's business, reputation and goodwill.

83.     Celgene's damages from the aforementioned unlawful actions of the Canada Drugs Defendants, to the extent ascertainable, have not yet been determined.

84.     Celgene seeks attorney's fees and costs given the willful conduct of the Canada Drugs Defendants.

85.     Celgene seeks treble damages given the willful conduct of the Canada Drugs Defendants.

## COUNT IV -- DILUTION

86.     Celgene repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

87.     This cause of action is for dilution pursuant to 15 U.S.C. § 1125(c).

88.     Celgene's OTEZLA® mark are distinctive.

89.     Through Celgene's longstanding use of its OTEZLA® mark on its drugs and prominently displayed in its promotional literature, and through the significant amount, volume and geographic extent of Celgene's sales, Celgene's OTEZLA® mark are famous.

90.     The Canada Drugs Defendants utilize, without authorization, the OTEZLA® mark in connection with the sale of unauthorized apremilast.

14

91.     The apremilast drugs offered for sale by the Canada Drugs Defendants are not manufactured by Celgene, and no association or relationship exists between Celgene and the Canada Drugs Defendants.

92.     Given the restricted distribution limitations provided in connection with the OTEZLA® drug, any such unauthorized distribution could result in serious health consequences for consumers and could have catastrophic affects.

93.     The Canada Drugs Defendants' adoption and use of the OTEZLA® mark is likely to cause dilution of Celgene's OTEZLA® mark.  Accordingly, such conduct violates 15 U.S.C. § 1125(c).

94.     The Canada Drugs Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Celgene, and its business, reputation and goodwill.

95.     Celgene's damages from the aforesaid unlawful actions of the Canada Drugs Defendants, to the extent ascertainable, have not yet been determined.

**COUNT V – VIOLATION OF NEW JERSEY DECEPTIVE TRADE PRACTICES ACT**

96.     Celgene repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

97.     The Canada Drugs Defendants have practiced deceptive business and trade practices in this district by various acts, including marketing, offering for sale, and selling apremilast under the designation OTEZLA® and by selling apremilast outside the restricted distribution programs and in violation of required health and safety guidelines.

98.     The Canada Drugs Defendants' aforesaid conduct constitutes unfair, unlawful, and deceptive business and trade practices in violation of N.J. Stat. § 56:8-2.

15

99.     Many of these wrongful acts occurred in the State of New Jersey and harmed the New Jersey public at large.

100.    These wrongful acts have proximately caused and continue to cause Celgene substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in the value of its products and technology.  These actions will cause imminent irreparable harm and injury to Celgene, the amount of which will be difficult to ascertain, if they continue.

101.    Celgene is without an adequate remedy at law.

102.    Celgene is entitled to an injunction restraining the Canada Drugs Defendants, and all persons or entities acting in concert with it, from engaging in further such unlawful and deceptive conduct.

103.    Celgene is entitled to recover from the Canada Drugs Defendants the damages sustained by it as a result of the Canada Drugs Defendants' wrongful acts as hereinabove alleged.  The amount of such damages cannot be determined at this time.

104.    Celgene is further entitled to recover from the Canada Drugs Defendants the gains, profits, and advantages it has obtained as a result of their wrongful acts as hereinabove alleged. Celgene is at present unable to ascertain the full extent of these gains, profits, and advantages, but Celgene is informed and believes and based thereon alleges that the Canada Drugs Defendants have obtained such gains, profits, and advantages in an amount thus far undetermined, but in excess of $75,000.

105.    The conduct of the Canada Drugs Defendants was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Celgene, and Celgene is therefore entitled to punitive damages against the Canada Drugs Defendants.

## PRAYERS FOR RELIEF

**WHEREFORE**, Celgene prays for relief against the Canada Drugs Defendants as follows:

(1)     That the Court preliminary and permanently enjoin and restrain the Canada Drugs Defendants, their officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a)     infringing, inducing or contributing to the infringement of Celgene's intellectual property;

(b)     engaging in any acts or activities directly or indirectly calculated to infringe the OTEZLA® mark;

(c)     using in selling, offering for sale, promoting, advertising, marketing or distributing of press releases, articles, advertisements or marketing materials that infringe upon Celgene's rights;

(d)     using any designation, term, mark, slogan, logo, configuration or design that is confusingly similar to the OTEZLA® mark; and

(e)     otherwise competing unfairly with Celgene in any manner whatsoever.

(2)     That the Court find that the Canada Drugs Defendants are infringing Celgene's OTEZLA® mark, is diluting Celgene's OTEZLA® mark, is falsely designating the origin of their goods, and is competing unfairly with Celgene.

(3)     That the Court Order the Canada Drugs Defendants to deliver up to Celgene for destruction, at the Canada Drugs Defendants' expense, all newsletters, articles, web site materials, literature, brochures, promotional materials, advertisements and other communications

to the public in the possession or under the control of the Canada Drugs Defendants, and any other material or any representations that are or may contain designations similar to the OTEZLA® mark.

(4)     That the Court Order the Canada Drugs Defendants to account for and pay to Celgene the damages to which Celgene is entitled as a consequence of the infringement.

(5)     That the Court Order the Canada Drugs Defendants to account for and to pay over to Celgene all damages suffered by Celgene as a result of the Canada Drugs Defendants' unfair competition.

(6)     That the Court Order the Canada Drugs Defendants to account for and to pay over to Celgene all damages suffered by Celgene as a result of the Canada Drugs Defendants' false designation of origin.

(7)     That the Court Order the Canada Drugs Defendants to account for and pay over to Celgene all profits received by the Canada Drugs Defendants from their unlawful acts, and for their deceptive trade practices, in an amount consisting of the gains, profits, and advantages the Canada Drugs Defendants have obtained as a result of their wrongful acts as hereinabove alleged, which damages will be proven with greater precision at trial.

(8)     That the Court Order the Canada Drugs Defendants to account for and pay over to Celgene all profits received by the Canada Drugs Defendants from their unlawful acts.

(9)     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of the Canada Drugs Defendants so as to prevent fraud on the Court and so as to ensure the capacity of the Canada Drugs Defendants to pay, and the prompt payment of, any judgment entered against the Canada Drugs Defendants in this action.

(10)    That the Court award Celgene its compensatory, incidental, and consequential damages.

(11)    That the Court award Celgene enhanced, treble, and/or punitive damages.

(12)    That the Court award Celgene its reasonable attorney's fees and the costs of this action.

(13)    That the Court grant Celgene such other relief as is just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Celgene demands a trial by jury on all triable issues of fact.

Dated:  October 13, 2017

Respectfully submitted by:

COZEN O'CONNOR

<u>/s/ Melanie A. Miller</u>
Melanie A. Miller (MM 2992)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2714- Telephone
(215) 701-2414 – Facsimile
mmiller@cozen.com – E-Mail

and

Camille M. Miller (to be admitted pro hac vice)
J. Trevor Cloak (to be admitted pro hac vice)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-7273 – Telephone
(215) 701- 2273 – Facsimile
cmiller@cozen.com – E-Mail
jcloak@cozen.com – E-Mail

*Attorneys for Plaintiff, Celgene Corporation*

20